# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1393 | **DATE** | April 5, 2011 |
| **CASE TITLE** | Daniel Rappe (#224720424) vs. Dr. Danielle McGee, et al. | | |

**DOCKET ENTRY TEXT**

The Clerk shall enter plaintiff's *in forma pauperis* application in case no. 11 C 1435 [#3] as his *in forma pauperis* application in this case. The Court grants plaintiff's request to proceed *in forma pauperis* in this case and waives the initial partial filing fee. The trust fund officer at plaintiff's place of confinement is authorized to make deductions from plaintiff's account in accordance with this order. The Clerk shall issue summonses for service of the complaint, through the U.S. Marshal's Service, on the following defendants: Dr. McGee, Dr. Ferreira, Dr. Neely, Dr. Donlon, Laura Lingl, Phil Mitchell, Kelly Williamson. Northwestern Memorial Hospital, and Northwestern Medical Faculty Foundation. Defendant Dr. Lobo is dismissed. The clerk shall forward to Plaintiff instructions for filing documents in this court and a magistrate judge consent form.

■[ For further details see text below.]                                                                  Docketing to mail notices.

## STATEMENT

    Daniel Rappe, an inmate at the Metropolitan Correctional Center (MCC), has filed this action against Northwestern Memorial Hospital and eight physicians and hospital staff members there.

    Although the docket in this case does not show that plaintiff filed an *in forma pauperis* application, he explains in a letter to the court that he had to submit copies of his complaint and his *in forma pauperis* application in two separate envelopes, which inadvertently were docketed as two separate cases by this court's clerk's office. The other case (case no. 11 C 1435) has been dismissed without prejudice to plaintiff proceeding with this case. The Court will use the IFP application from case number 11 C 1435 for this case.

    Plaintiff's application reflects that he cannot prepay the $350 filing fee or an initial partial filing fee. The Court grants the motion to proceed *in forma pauperis* and waives the initial partial filing fee. The trust accounts officer at plaintiff's place of confinement is authorized to make monthly deductions from plaintiff's account equal to 20% of the preceding month's income credited to the account. Monthly deductions shall be forwarded as payments to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number of this case. Plaintiff shall remain responsible for the filing fee obligation, and MCC officials shall notify transferee authorities of any outstanding balance in the event plaintiff is transferred.

    The Court has reviewed the complaint pursuant to 28 U.S.C. § 1915A. Plaintiff may proceed with his claims against all but one of the defendants. Plaintiff alleges that Dr. Donlon, Dr. McGee, Dr. Ferreira, Dr. Neely, Laura Lingl, and Phil Mitchell forced plaintiff to receive a blood transfusion for a gastrointestinal bleed even though he refused this treatment on religious grounds, and that Dr. McGee, Kelly Williamson, and Sarah Donlon erroneously performed a spinal tap on him that was intended for another patient. These allegations state colorable claims against the doctors and hospital staff. *Estate of Allen v. City of Rockford*, 349 F.3d 1015, 1020-21 (7th Cir. 2003) (discussing the constitutional right to refuse medical treatment); *see also Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) ("a medical professional's erroneous treatment decision can lead to deliberate indifference liability if the decision was made in the absence of professional judgment").

    Plaintiff also names Dr. Lobo as a defendant, but other than stating that Dr. Lobo was listed as plaintiff's

11C1393 Danielle Rappe (#224720424) vs. Dr. Danielle McGee, et al.                                      Page 1 of 2

primary physician, plaintiff does not mention him in the body of the complaint and does not state how he was involved in the alleged improper treatment of plaintiff. The Court therefore dismisses Dr. Lobo as a defendant. *See Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010) (a complaint must state enough facts to put the defendant on notice of the claim being alleged against him and the relevant facts upon which that claim is based).

The Court declines to dismiss defendants Northwestern Memorial Hospital and Northwestern Hospital Faculty Foundation at this time. There is some chance that plaintiff has named them because they employ the individual defendants. The Court notes that vicarious liability, and in particular *respondeat superior* liability, does not exist in this context. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (there is no respondeat superior or vicarious liability in claim under 42 U.S.C. § 1983); *see also Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 832 (7th Cir. 2009) (court dismissed hospital named as a defendant where the plaintiff did not specify how the hospital was involved). The Court reserves the right to consider, upon an appropriate motion by the defendants, whether these parties are properly named as defendants.

The Court further notes that it is unclear whether the defendants may be considered to be governmental actors against whom plaintiff may proceed in an action alleging a violation of his constitutional rights. *See Verser v. Ghosh*, No. 10 C 409, 2010 WL 5014134, *3 (N.D.Ill. Dec. 3, 2010) (Bucklo, J.) (it is not settled in this Circuit whether a private physician providing services at a private hospital is a state actor); *see also West v. Atkins*, 487 U.S. 42, 51-54 (1988) (a private physician who contracts with a prison to provide services at a prison acts under color of state law). That, however, is an issue appropriately addressed at a later stage of the case.

The Clerk shall issue summonses for service of the complaint through the U.S. Marshal on the following defendants: Dr. Danielle McGee, Dr. Ferreira, Dr. Neely, Laura Lingl, Phil Mitchell, Sarah Donlon, and Kelly Williamson, Northwestern Memorial Hospital, and Northwestern Medical Faculty Foundation. The Marshal is directed to make all reasonable efforts to serve these defendants. With respect to any former employees, officials at the Northwestern Memorial Hospital or Northwestern Memorial Hospital Faculty Foundation shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service should a dispute arise, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d) before attempting personal service; however, if unable to obtain a waiver of service, the Marshal shall attempt to serve the defendants personally.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, plaintiff must send an exact copy of any filing to the defendants or, if represented by counsel, to counsel for the defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to plaintiff.