# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1393 | **DATE** | December 7, 2011 |
| **CASE TITLE** | Daniel Rappe (#224720424) vs. Dr. Danielle McGee, et al. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss [#32] is granted. Plaintiff's federal claims are dismissed without prejudice. Plaintiff is given until January 13, 2012, to submit a motion for leave to file an amended complaint, together with a proposed amended complaint that sets forth a federal claim. Plaintiff's "Motion for Psychological Evaluation, Appointment of Counsel, Time Extension" [#37] is denied. Plaintiff's failure to submit a timely and proper motion to amend and proposed amended complaint in accordance with this order will result in the dismissal of the case for lack of subject matter jurisdiction. Defendants' motion to dismiss plaintiff's state law medical malpractice claim [#29] is terminated without prejudice to refiling.

■ [ For further details see text below.]                                               Docketing to mail notices.

# STATEMENT

Plaintiff Daniel Rappe, an inmate at the Metropolitan Correctional Center, filed suit against Northwestern Memorial Hospital and eight of its physicians and hospital staff members. He alleges that, in March 2009, he was taken from the MCC to Northwestern Hospital by ambulance due to significant bleeding from his ulcer. He states that he was forced to receive blood against his will and religious beliefs and that he underwent an unnecessary spinal tap that was intended for another patient.

Currently before the Court are two motions to dismiss by the defendants. One motion argues that plaintiff failed to allege that the defendants are state or federal actors to state a civil rights claim. The other motion contends that plaintiff did not include an affidavit and report from a physician to support a state-law claim of medical malpractice. Although the court, on its own motion, extended the time for plaintiff to respond to the motion, he has not done so. Instead, plaintiff submitted a "Motion for Psychological Evaluation, Appointment of Counsel, Time Extension," stating that "severe psychological difficulties ... prevent [him] from working at all on this case." Plaintiff seeks additional time and for this court to consult with his prison psychiatrist to determine if he is able to represent himself and, if he is not able, to appoint counsel for him. Despite plaintiff's assertions, his filings in this case reflect that he is competent to represent himself. In addition, the issues presented in defendants' motions to dismiss are not complex. The court thus denies plaintiff's motion for additional time and for the appointment of counsel and addresses the motions to dismiss.

When considering a motion to dismiss, a court assumes to be true all well-pleaded allegations and views the alleged facts and any reasonable inferences from them in the light most favorable to the plaintiff. *Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). In addition, courts construe *pro se* complaints liberally. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits or determine a plaintiff's ultimate ability to succeed. *Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996). However, if a plaintiff pleads facts demonstrating that he has no claim upon which this court can grant relief, dismissal of the complaint is warranted. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Plaintiff's complaint includes two types of claims: (1) federal civil rights claims asserting that the defendants

**STATEMENT**

acted with deliberate indifference to his serious medical needs or violated his right not to be treated and (2) staate law claims that the defendants committed medical malpractice. The Court has jurisdiction over the federal claims based on federal question jurisdiction and over the state law claims based on supplemental jurisdiction. *See* 28 U.S.C. §§ 1331 & 1367. If plaintiff's federal claims are dismissed at an early stage of the proceedings, the usual course is to dismiss the state claims for lack of subject matter jurisdiction, without prejudice to the plaintiff presenting them in state court. *Kolbe & Kolbe Health & Welfare Ben. Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 505 (7th Cir. 2011). The Court therefore first addresses defendants' motion in which they argue that plaintiff has no viable federal claim.

A federal civil rights claim of the type plaintiff asserts requires some form of government action. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: a person acting under color of state law, i.e., a state actor, deprived him of a right, privilege, or immunity secured by the U.S. Constitution or federal law. *London v. RBS Citizens, N.A.*, 600 F.3d 742, 745-46 (7th Cir. 2010). *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971), recognizes a private right of action for damages against federal officers alleged to have violated a person's constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1947-48 (2009); *Arnett v. Webster*, 658 F.3d 742, 750 n.4 (7th Cir. 2011). *Bivens* is considered is the "federal analog to [§ 1983] suits brought against state officials." *Iqbal*, 129 S.Ct. at 1948.

Plaintiff's civil rights claim fails because none of the defendants acted under the color of federal or state law. Northwestern Hospital, as well as its doctors and employees, are private parties. A *Bivens* claim cannot be brought against a private entity, even if it contracts with the federal government. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66 & n. 2, 70-72 (2001); *Muick v. Glenayre Elec.*, 280 F.3d 741, 742 (7th Cir. 2002). Though some courts have held that employees of a private entity may be subject to liability under *Bivens* in certain situations, such cases have involved civil rights actions against officers of privately run detention centers where the plaintiff was being housed, as opposed to a separate medical facility. *Pollard v. Geo Group, Inc.*, 607 F.3d 583, 593 (9th Cir. 2010); *Jama v. U.S.I.N.S.*, 343 F. Supp. 2d 338, 363 (D. N.J. 2004); *Sarro v. Cornell Corrections, Inc.*, 248 F. Supp. 2d 52 (D. R.I. 2003) (all three cases allowing plaintiffs in privately run detention facilities to assert a *Bivens* claim against guards); *but see Holly v. Scott*, 434 F.3d 287, 294-95 (4th Cir. 2006) (refusing to extend *Bivens* to allow a federal cause of action against employees of a privately run federal prison).

Even if the court employed the public-function analysis used in § 1983 cases, plaintiff has not asserted any action that may be attributable to the federal or state government for purposes of *Bivens* or § 1983 liability. Under this approach, a private party may be considered a state actor when it "voluntarily assume[s] [the state's constitutional] obligation by contract." *West v. Atkins*, 487 U.S. 42, 49, 56 (1988). When a state has a constitutional duty, such as providing adequate medical care for its inmates, the "delegation of that traditionally exclusive public function to a private [party] g[ives] rise to a finding of state action." *Id.* at 55; *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 826 (7th Cir. 2009).

In *West*, a private physician was considered a state actor when he contracted with the state to attend to the medical needs of its inmates. *West*, 487 U.S. at 55-56. As noted by the Seventh Circuit, the public function analysis must consider "the setting in which the medical care is rendered." *Rodriguez*, 577 F.3d at 826. "For instance, an emergency medical system that has a preexisting obligation to serve all persons who present themselves for emergency treatment hardly can be said to have entered into a specific voluntary undertaking to assume the state's special responsibility to incarcerated persons." *Id.* at 827-28 (citing Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd *et seq.*). In short, a hospital's emergency room acceptance of an inmate as a patient "does not mean that it has agreed to step into the shoes of the state and assume the state's responsibility toward these persons." *Id.* at 828.

Plaintiff does not allege in his complaint any facts that would suggest that Northwestern or any of the defendants acted under color of federal or state law or that there was an agreement between the hospital and the Metropolitan Correctional Center to provide medical services to its inmates such that federal governmental action can be inferred. Rather, plaintiff alleges that "At all times described herein, Northwestern Memorial Hospital (NMH) was engaged in the operations as a hospital, open to and serving the public in Chicago, Illinois" and that

**STATEMENT**

he "was transported by ambulance from MCC to NMH due to blood loss owing to a bleeding ulcer." Compl. ¶¶ 4, 16. The Court questioned in its initial review of the complaint whether the defendants acted under the color of federal or state but nonetheless allowed the case to proceed at that time. *See* Order of Apr. 5, 2011. Upon further review, however, the complaint rather clearly indicates that plaintiff was treated at Northwestern Hospital only as an emergency patient and that under *Rodriguez*, the defendants cannot be held liable in a civil rights action under § 1983 or *Bivens*. In short, plaintiff may assert only state law claims against the defendants, not federal claims.

For this reason, the Court grants motion to dismiss plaintiffs' purported federal claims. *See London v. RBS Citizens, N.A.,* 600 F.3d 742, 747 (7th Cir. 2010) (where a complaint's allegations indicate no state action, dismissal of a civil rights suit is appropriate). Out of an abundance of caution, the Court will give plaintiff an opportunity to move for leave to file an amended complaint so that he can attempt to cure the defect in his current complaint (any such motion must attach a copy of the proposed amended complaint). Plaintiff is cautioned, however, that Federal Rule of Civil Procedure 11 provides that presentation of a complaint or another pleading constitutes a certification by the filer that (among other things) the complaint's factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support. *See* Fed. R. Civ. P. 11(b)(3). The Court thus dismisses plaintiff's federal claims without prejudice at this time. If, however, plaintiff fails to file a timely and proper motion for leave to amend together with a proposed amended complaint, the Court will dismiss the case without prejudice for lack of federal subject matter jurisdiction. Such an order would give plaintiff one year to refile his state law claims in state court. *See* 735 ILCS 5/13-217 (Illinois law allows a claimant one year to refile in state court a claim dismissed "for lack of jurisdiction" by a federal court); *see also Srail v. Village of Lisle*, No. 07 C 2617, 2008 WL 4876865, *9 (N.D. Ill. Aug. 7, 2008) (Kennelly, J.).